IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
KAREN WILLIAMS,                    )
                                   )
            Plaintiff,             )
                                   )
     v.                            )   Civil Action No. 05-1329
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant.             )
```

MEMORANDUM JUDGMENT ORDER

AND NOW, this 21st day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for SSI on April 19, 2001, alleging a disability onset date of November 1, 1999, due to mood disorders, gastroesophageal reflux disease, asthma, arthritis, depression and anxiety. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on August 6, 2003, at which plaintiff, represented by counsel, appeared and testified. On August 29, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On June 28, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 52 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a high school and above education. She has no past relevant work experience and has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of mood

disorders and arthritis, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in light work with certain restrictions recognizing the limiting effects of her impairments.[1] A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including office cleaner, restroom attendant and cleaner/housekeeper. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

---

[1] The ALJ found that plaintiff can perform light work activity that "does not involve pulling/pushing with the lower extremities, in an environment that does not require making complex decisions, following detailed instructions and dealing with stress in critical situations." (R. 19).

- 3 -

of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.  20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.  Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity.  20 C.F.R. §416.920.  See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §416.920a.  When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations.  Plummer, 186 F.2d at 432.

Here, plaintiff raises several challenges to the ALJ's finding of not disabled at step 5 of the sequential evaluation process[2]. Specifically, plaintiff contends that: (1) the ALJ improperly evaluated the medical evidence; (2) the ALJ improperly analyzed plaintiff's testimony regarding her pain and limitations; and, (3) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's impairments and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's evaluation of the medical evidence, specifically, opinion evidence from a consultative psychologist, Dr. Wheeler. Dr Wheeler opined that it is "unlikely that [plaintiff] could tolerate the stress and pressures associated with day-to-day work type activities," (R. 171), and indicated that plaintiff's ability was "poor to none" in the areas of dealing with work stresses, functioning independently and demonstrating reliability. (R. 172-73). Plaintiff contends that this evidence dictates a finding of disabled. The record, however, supports the ALJ's evaluation of Dr. Wheeler's opinion and the other medical evidence.

---

[2] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight each opinion is entitled, including the examining and treatment relationship and the specialization of the medical source along with the opinion's supportability and consistency and any other factors tending to support or contradict the opinion. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his reasons for giving the medical evidence in general, and Dr. Wheeler's opinion in particular, the weight to which he believed it was entitled. (R. 17). The ALJ expressly noted that he had considered Dr. Wheeler's conclusions, but determined that they were entitled to little weight because "he is a one-time examining source whose opinion is clearly unsupported by his own findings/observations upon examination as well as the wight of the objective evidence." (Id.) The ALJ then set forth concrete examples of the inconsistency between that evidence and Dr. Wheeler's opinion as to plaintiff's limitations. (Id.)

Based upon his review of the entire record, including the medical evidence as a whole and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments do not result in the level of limitations asserted by Dr. Wheeler. The court is satisfied that the ALJ's evaluation of the medical evidence, including Dr. Wheeler's report, is supported by substantial evidence.

Next, the court finds that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[3] After reviewing the record as a whole, the ALJ concluded that plaintiff's subjective complaints regarding her impairments and limitations, while partially credible, in that her impairments "are severe and somewhat limiting". (R. 16) However, the ALJ found that plaintiff's allegations of totally debilitating symptomatology were inconsistent with both her self-reported activities of daily living as well as with the clinical and objective medical findings of record. (R. 17). The ALJ then set forth specific examples of those inconsistencies, including the fact that plaintiff's musculoskeletal impairment is not treated by a specialist, the lack of diagnostic testing such as MRI's or x-rays relating to that impairment, and the fact that plaintiff's testimony that she participates in individualized therapy two times per week is belied by the reports from her treating therapist which indicated that plaintiff has been treated "on and off". (Id.) The ALJ thoroughly explained her credibility finding in her decision and that finding is supported by substantial evidence.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an

---

[3] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. To the contrary, in assessing plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of her activities of daily living as well as the medical evidence. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

Finally, plaintiff argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's limitations, specifically, those as set forth by Dr. Wheeler. However, the additional limitations based upon Dr. Wheeler's assessment, as already discussed, are not supported by the medical evidence of record. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*(signature)*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 S. Braddock Ave., Suite 570
Pittsburgh, PA 15218

Lee Karl
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219